1

2

3

4        **UNITED STATES DISTRICT COURT**

5           **DISTRICT OF NEVADA**

6

7    MAVERICK RECORDING COMPANY, )
     *et al.*,                    )        2:07-CV-0283-RCJ-GWF
8                                 )
                    Plaintiff,    )
9                                 )              **ORDER**
          vs.                     )
10                                )
     PIERCE,                      )
11                                )
                    Defendant.    )
12   _____)

13        This matter comes before the Court on Plaintiffs' Motion for Default Judgment (#9). The

14   Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties

15   and issues the following Order.

16                              **BACKGROUND**

17        Plaintiffs Maverick Recording Company, Virgin Records America, Inc., UMG

18   Recordings, Inc., Sony BMG Music Entertainment, and BMG Music (collectively "Plaintiffs")

19   are entities whose principal places of business are in California and New York.  Plaintiffs are the

20   copyright holders with respect to certain copyrighted sound recordings.  Under the Copyright

21   Act, Plaintiffs have the sole right to reproduce and distribute their sound recordings to the public.

22   Plaintiffs allege that Defendant Kristen Pierce ("Defendant") has willfully and intentionally

23   infringed on Plaintiffs' copyrights.  Specifically, Plaintiffs allege Defendant used an online

24

25

media distribution system to download, distribute, and/or make available for distribution the eight sound recordings at issue in this case.

On March 6, 2007, Plaintiffs filed their Complaint against Defendant for violation of the Copyright Act, seeking statutory damages pursuant to 17 U.S.C. § 504(c) for infringement of each of the eight sound recordings allegedly downloaded, and attorneys' costs pursuant to 17 U.S.C. § 505. Plaintiffs served Defendant via her "co-occupant" on March 11, 2007. Defendant never filed any responsive pleading to Plaintiffs' Complaint. On April 12, 2007, the Clerk of the Court entered a default against Defendant. Plaintiffs now ask this Court to enter default judgment against Defendant.

## DISCUSSION

### I.   Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a default judgment. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A party is not entitled to default as a matter of right, and the decision to enter a default judgment is entirely within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

As a preliminary matter, the Court must ensure that the party seeking default judgment has sufficiently served the party against whom default is sought. *Mason v. Grenisio Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992). If the Court determines that service was adequate, it should consider the following factors when deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.    Adequate Service

The first issue the Court must determine is whether service upon Defendant's "co-occupant was adequate." "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Federal Rule of Civil Procedure 4 provides that the person upon whom service is made must be "some person of suitable age and discretion then residing [in the defendant's usual place of abode]." Fed R. Civ. P. 4(e)(2). In addition to the requirements of Rule 4, the Local Rules of the District of Nevada provide that "[t]he proof [of service] shall show . . . the name of the person served." D. Nev. R. 5-1(a).

Plaintiffs had the Summons and Complaint served upon Defendant's alleged "co-occupant" on March 11, 2007. The Service of Process states that Defendant's roommate was served on behalf of Defendant, describing her as "approx. 35-40 years of age" and as a "Co-Occupant." (#6 at 1.) The Service of Process explicitly states that the co-occupant was "a person of suitable age and discretion residing at the respondent's usual place of abode." (#6 at 1.) However, the Service of Process does not list the "co-occupant's" name upon whom service was rendered, as directed by the Local Rules. Rather, the Service of Process says that "Jane

Page 3 of  4

Doe" was served.  (#6 at 1.)  Pursuant to Local Rules, the Court may allow Plaintiffs to amend service and supply the real name of Defendant's co-occupant upon whom service was made.  (*Id.*)  At oral argument, counsel for Plaintiffs was unable to do so.  Therefore, the Court cannot grant Plaintiffs' Motion for Default Judgment because Plaintiffs have failed to properly serve Defendant.  *Mason v. Grenisio Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992).  However, pursuant to Local Rules, the Court affords Plaintiffs time to properly reserve Defendant or to otherwise amend their pleadings with an affidavit of service containing the name of the party upon whom Plaintiffs served.

### CONCLUSION

Pursuant to the above analysis, IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment (#9) is *denied without prejudice.*  IT IS FURTHER ORDERED that Plaintiff's may reserve Defendant or properly amend their pleadings with the necessary affidavit of service.

DATED:        July 13, 2007

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE